| | | |
|---|---|---|
| **MARY ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **ORDER** |
| **v.** | ) | |
| | ) | |
| **HOSPITALITY GROUP** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Strike" (Document No. 2) filed on April 13, 2009.  The Plaintiff has not filed a response and today informed the Court she does not intend to file one.  This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. §636(b) and is ripe for consideration. Having fully considered the record, including the motion and supporting memorandum (Document No. 2, 4), the undersigned will **grant** the motion for the following reasons:

The Defendant requests that paragraphs 39 and 40 of the Complaint be stricken from the Complaint pursuant to Civil Rule 12(f), which provides that the Court may strike any "redundant, immaterial, impertinent, or scandalous matter in any pleading."  Fed.R.Civ.P. 12(f).

The Defendant argues that paragraphs 39 and 40 of the Complaint contain "immaterial" matter, i.e. EEOC findings that are non-binding and that may possibly confuse the jury.  Defendant argues that court proceedings under Title 42 U.S.C. § 12111 *et seq*. are trials *de novo*, that the EEOC findings are irrelevant to them, and that paragraphs 39 and 40 may be prejudicial.  *See Moss v. Lane Co.*, 50 F.R.D. 122 (W.D.Va.1970) (striking as prejudicial allegations concerning EEOC findings in the complaint);  *Latino v. Rainbo Bakers, Inc.*, 358 F.Supp. 870, 872-873 (D.C.Colo.1973)

(observing that some courts have adopted this position and stricken matters from the record); *King v. Ga. Power Co.*, 295 F.Supp. 943, 948 (N.D.Ga.1968) (striking exhibits).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Strike" (Document No. 2) is **GRANTED;** paragraphs 39 and 40 shall be stricken from the Complaint**.**

**IT IS SO ORDERED**.

Signed: May 14, 2009

David C. Keesler
United States Magistrate Judge